UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:20-cv-363-FtM-38MRM

| | |
|---|---|
| **VICTORIA MANCHA,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **GRAY TELEVISION, INC.,** | ) |
| Defendant. | ) |
| **GRAY MEDIA GROUP, INC.,** | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| **WATERMAN BROADCASTING CORPORATION,** | ) |
| Third-Party Defendant. | ) |

## THIRD-PARTY COMPLAINT AGAINST WATERMAN BROADCASTING CORPORATION

Defendant and Third-Party Plaintiff Gray Media Group, Inc., erroneously sued as Gray Television, Inc. ("Gray Media"), by and through its undersigned counsel, hereby files this Third-Party Complaint against Waterman Broadcasting Corporation ("Waterman"), and alleges as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiff Victoria Mancha ("Mancha") misguidedly brings a claim for copyright infringement against Gray Media for the alleged unauthorized reproduction and display of video footage Mancha allegedly created (the "Footage").

2. Mancha states no claim for copyright infringement because, among other things, Gray Media obtained a license from Waterman to use the Footage. Waterman, on information and belief, had received a valid license to the Footage from Mancha, which included the right to sublicense the Footage to others.

3. To the extent Waterman did not possess such a license or lacked the ability to sublicense the Footage, but represented otherwise, Waterman is liable to Gray Media for indemnification and breach of contract.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over Gray Media's state law claims against Waterman pursuant to 28 U.S.C. § 1367(a), as they are so related to Mancha's claim for copyright infringement that they form part of the same case or controversy.

3. Waterman is subject to personal jurisdiction in this District because it has continuous and systematic general business contacts here, as its principal place of business is in Fort Myers, Florida.

4. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) because Waterman resides here and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## PARTIES

5.      Gray Media is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Gray Media owns and operates the website MySunCoast.com.

6.      On information and belief, Waterman is a Delaware corporation with its principal place of business in Fort Myers, Florida.

## STATEMENT OF FACTS

7.      In December of 2018, Waterman provided Gray Media with the Footage, which depicted a meteotsunami off the Southwest coast of Florida and was purportedly created by Mancha.  Gray Media requested the Footage from Waterman pursuant to a longstanding agreement between the parties to share such media upon request if the party in possession of the media was able to do so.  Because the Footage was provided to Gray Media by Waterman pursuant to the larger agreement to share media when the other party had the ability to do so, Gray Media did not question whether Waterman had a valid license from Mancha that included the right to sublicense the Footage to others.

8.      With the good faith belief that it possessed a license to use the video, Gray Media published an article on its website MySunCoast.com on December 21, 2018, that contained the Footage and screenshots of the Footage.

9.      Mancha initially brought a copyright infringement claim against Mancha in this Court on October 3, 2019.  That action was subsequently *sua sponte* dismissed without prejudice on October 4, 2019 by Judge William F. Jung because Plaintiff's counsel was not admitted to practice law in this District and had not obtained local counsel.

10. Mancha then initiated the instant action for copyright infringement on March 15, 2020 in the Northern District of Florida. The action was transferred to this Court on May 19, 2020.

11. Mancha's complaint alleges that she holds a valid copyright in the Footage, that the Footage has been registered with the U.S. Copyright Office, and that Gray Media had no legal basis to publish the Footage.

12. Gray Media filed its answer on June 8, 2020.

## **FIRST CAUSE OF ACTION**
(Indemnification)

13. Gray Media repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

14. In licensing the Footage to Gray Media, Waterman implicitly represented that it possessed a valid license from Mancha and the right to grant such a sublicense. Gray Media had no basis to question Waterman's ability sublicense the Footage to it, and it relied upon this implicit representation in publishing the video footage on its website.

15. To the extent Waterman misrepresented, intentionally or otherwise, the existence or terms of the license it purported to have received from Mancha, thereby potentially giving rise to liability on Gray Media's part, Waterman is wholly at fault, and Gray Media's liability is vicarious and solely for the wrong committed by Waterman.

16. To the extent Waterman committed such misrepresentations, therefore, it is subject to liability and must reimburse Gray Media for all amounts Gray Media may be forced to incur or pay as a result of this action, including actual or statutory damages, costs, expenses, and attorneys' fees.

## SECOND CAUSE OF ACTION
(Breach of Contract)

17. Gray Media repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Waterman and Gray Media entered into a valid and binding contract, pursuant to which each company would provide video footage and other media to the other upon request where it was able to do so.

19. To the extent Waterman failed to provide Gray Media with a valid sublicense to the Footage, it breached the contract.

20. Therefore, to the extent Waterman provided Gray Media with an invalid sublicense, it is subject to liability and must reimburse Gray Media for all amounts Gray Media may be forced to incur or pay as a result of this action, including actual or statutory damages, costs, expenses, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Gray Media respectfully requests that the Court grant judgment for Gray Media and against Waterman as follows:

A. Ordering Waterman to indemnify Gray Media for any liability, damages, and other expenses Gray Media may be forced to incur in defending Mancha's action;

B. Awarding Gray Media its costs, expenses, and attorneys' fees incurred in bringing and litigating this Third-Party Complaint against Waterman; and

C. Granting Gray Media such other and further relief as may be just and proper.

Dated: June 22, 2020

                                          Respectfully submitted,

                                          BALLARD SPAHR LLP
*Attorneys for Defendant and Third-Party Plaintiff*
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
fax: (202) 661-2299

By: *s/ Charles D. Tobin*
      Charles D. Tobin
      Fla. Bar No.: 816345
      tobinc@ballardspahr.com